# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER L. BUSBEY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:19-cv-03201 |
| INDEPENDENCE UNIVERSITY, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Jennifer L. Busbey ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Independence University ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Missouri, Defendant conducts business in the Eastern District of Missouri, and significant portion of the events or omissions giving rise to this cause of action took place in Eastern District of Missouri.

1

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is an online university headquartered at 4021 S 700 E, Suite 400, Salt Lake City, Utah 84107.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. In or around October 2019, Plaintiff began receiving phone calls from Defendant to her cellular phone number (573) XXX-1370 after requesting information about online courses on Defendant's website.

8. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1370. Plaintiff is and has always been financially responsible for the cellular phone and its services.

9. Immediately after the calls began, Plaintiff answered a phone call from Defendant. During this call, Plaintiff asked Defendant to stop contacting her as she had already enrolled in courses with another university.

10. After this call, Defendant continued to place calls to Plaintiff's cellular phone despite her request that the calls cease.

11. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

12. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

13. Plaintiff has received copious amounts of unwanted phone calls from Defendant between October 2019 to present day, with multiple calls taking place in one day and calls taking place on back to back days.

14. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights.

15. The phone number that Defendant most often uses to contact Plaintiff is (855) 372-4673, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's phone.

## DAMAGES

16. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted telephone solicitation calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

18. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

21. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

22. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

23. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

24. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

25. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between October 2019 and the present day, using an ATDS without her consent.

26. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

27. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

28. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

29. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

30. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

31. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff JENNIFER L. BUSBEY respectfully prays this Honorable Court for the following relief:
   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Awarding Plaintiff costs and reasonable attorney fees;
   d. Enjoining Defendant from further contacting Plaintiff; and
   e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: December 5, 2019                             Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*